UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20131-CIV-LENARD/O'SULLIVAN

In re: American Airlines Flight 331
_____/

**ORDER**

THIS MATTER is before the Court on the defendant's Motion to Strike Plaintiff's Proposal for Settlement (DE# 162, 7/13/11).  This matter was referred to the undersigned by the Honorable Joan A. Lenard in accordance with 28 U.S.C. § 636(b). (DE# 202, 8/1/11)  Having reviewed the motion, the plaintiff's response, the defendant's reply and applicable law, it is

ORDERED AND ADJUDGED that the defendant's Motion to Strike Plaintiff's Proposal for Settlement (DE# 162, 7/13/11) is GRANTED and the plaintiff's Proposal for Settlement is STRICKEN.  The plaintiff's Proposal for Settlement pursuant to Florida Rule of Civil Procedure 1.442 and Section 768.79 of the Florida Statutes is inapplicable to the plaintiff's federal claim asserted under the Warsaw and Montreal Conventions. See Complaint for Damages (Pursuant to the Montreal Convention) filed by Victoria Chelsea Tavares-Finson in Case No. 11cv20985-JAL (DE# 1, 3/22/11).  The American Rule and the federal costs statute, 28 U.S.C. § 1920, preempt the plaintiff's Proposal for Settlement that was made pursuant to Florida law.

"[T]he Supremacy Clause and the Costs Statute preempt [Florida Statute section] 768.79 where a district court's jurisdiction is founded solely on federal question."  Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008); see Menchise v. Akerman Senterfitt, 532 F.3d 1146 (11th Cir. 2008)

(finding that Section 768.79 applies to state law claims filed in federal court). Generally, under the American rule, a prevailing party is not entitled to recover reasonable attorney's fees from the losing party. The Supreme Court analyzed the American rule's history, application and exceptions in the seminal case of <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 254-55 (1975) ("Although, ... Congress has made specific provision for attorneys' fees under certain federal statutes, it has not changed the general statutory rule that allowances for counsel fees are limited to the sums specified by the costs statute.")

In <u>Design Pallets</u>, the district court held that Section 768.79 "applies only to State law claims" and explained that "[c]onsistent with <u>Akerman</u> and other Eleventh Circuit precedents, [section] 768.79 is substantive - not procedural - and applies only to underlying Florida causes of action." <u>Design Pallets</u>, 583 F. Supp. 2d at 1287. In the present action, no state law claim is asserted or can be asserted because the Warsaw and Montreal Conventions preempt state law claims. Thus, Section 768.79 of the Florida Statutes does not apply to the plaintiff's federal claim and the plaintiff's Proposal for Settlement is stricken.

DONE AND ORDERED in Chambers at Miami, Florida this <u>16th</u> day of November, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
U.S. District Court Judge Lenard
All counsel of record