UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20131-CV-LENARD/O'SULLIVAN

IN RE: AMERICAN AIRLINES FLIGHT 331,

Defendant.

THIS DOCUMENT RELATES TO:

*Monica Ruff v. American Airlines, Inc.;*

**PLAINTIFF MONICA RUFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE
PTSD DIAGNOSIS AND OPINIONS OF DR. JEFFREY COE**

Plaintiff Monica Ruff submits this Response in Opposition to Defendant American Airlines, Inc.'s *Daubert* Motion to Exclude PTSD Diagnosis and Opinions of Dr. Jeffrey Coe [Doc. 657].

### INTRODUCTION

This is an action for damages arising out of the crash landing of American Airlines Flight #331 in Kingston, Jamaica, on December 22, 2009. Plaintiff Monica Ruff was a passenger on the flight, who suffered personal injuries as a result of the crash landing. Following the crash, Mrs. Ruff was evaluated by expert witness Dr. Jeffrey Coe in Chicago, Illinois. After considering her medical and work history, her reported symptoms, and conducting an examination of her, Dr. Coe diagnosed Mrs.

Ruff with, among other conditions, post-traumatic stress disorder ("PTSD"). Mrs. Ruff properly and timely disclosed Dr. Coe as an expert witness, and the parties took his deposition.

American Airlines seeks to exclude Dr. Coe's diagnosis of PTSD on the grounds that (i) Dr. Coe is not qualified to render an opinion on PTSD, and (ii) his diagnosis of PTSD is not reliable. American Airlines does not seek to exclude the remainder of Dr. Coe's diagnoses and conclusions.

The exclusion of Dr. Coe's PTSD diagnosis is not warranted. <u>First</u>, as a physician with thirty years of experience, Dr. Coe is qualified to diagnose PTSD. <u>Second</u>, Dr. Coe's diagnosis is reliable. He formulated his diagnosis after considering the sources of information physicians commonly rely upon to reach a medical diagnosis: he reviewed Mrs. Ruff's medical and work history, considered the issues she self-reported, including her symptoms, and conducted a physical examination of her. Any weaknesses or deficiencies American Airlines perceives in Dr. Coe's PTSD diagnosis are more appropriately attacked through vigorous cross-examination, not exclusion.

## **LEGAL STANDARD**

District courts are the gatekeepers to the admission of expert testimony. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589 (1993). In order to determine the admissibility of expert testimony, a district court considers whether: (1) the expert is qualified to testify competently as to the subject matter he intends to address; (2) the methodology employed by the expert is sufficiently reliable; and

(3) the testimony assists the trier of fact to understand the evidence or determine a fact in issue through the application of the witness's expertise. *Quiet Tech. DC–8, Inc. v. Hurel–Dubois U.K. Ltd.,* 326 F.3d 1333, 1340–41 (11th Cir. 2003).

It is not the role of the court, however, "to make ultimate conclusions as to the persuasiveness of the proffered evidence" or "supplant the adversary system or the role of the jury." *Quiet Tech.*, 326 F.3d at 1341. Rather, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Exclusion of expert testimony should be the exception, not the rule. *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1279 (M.D. Fla. 2002).

## ARGUMENT

### I. Dr. Coe is Qualified to Render an Opinion on PTSD.

American Airlines argues Dr. Coe is not qualified to render an opinion on PTSD because he does not have specialized education or training specifically in diagnosing PTSD. American Airlines ignores Eleventh Circuit precedent, which clearly provides that general knowledge of a subject is sufficient for the qualification of an expert. Unsurprisingly, in support of its argument, American Airlines relies almost exclusively on case law from outside this Circuit.

The Eleventh Circuit has made clear that a witness who has general knowledge of a subject may qualify as an expert despite lacking specialized training, education, or experience in that subject, so long as his or her testimony would likely assist the trier of fact. *See United States v. Hensel,* 711 F.2d 1000,

3

1006 (11th Cir. 1983) (holding district court did not err in allowing witness with experience in investigating fires to testify as an expert in a case involving a shipboard fire even though the majority of his experience concerned fires on land); *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001) (finding witness with economics background was qualified as an expert witness in assessing the loss suffered by the plaintiff despite lack of real estate development experience); *see also Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, No. 04-20073-CIV, 2005 WL 5955701, at *2 (S.D. Fla. Aug. 17, 2005) ("[T]he Eleventh Circuit and other courts of appeal agree that a witness who possesses general knowledge of a subject may qualify as an expert despite lacking specialized training or experience, so long as his testimony would likely assist a trier of fact.").

In the context of expert witness testimony regarding medical diagnoses, "the proffered expert physician need not be a specialist in the particular medical discipline to render expert testimony relating to that discipline." *Gaydar v. Sociedad Instituto Gineco-Quirurgico y Planificacion*, 345 F.3d 15, 25 (1st Cir. 2003) (holding trial court did not err in allowing general practitioner testify as an expert regarding ectopic pregnancy despite having performed only two pelvic exams since his internship and having never palpated an ectopic pregnancy); *see Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996) (holding district court erred in finding that doctor who specialized in internal medicine was not qualified to render a diagnosis or to discuss a pathology report because he was not a pathologist, oncologist or expert in definitive cancer diagnosis); *Leblanc v. Coastal Mech. Servs.,*

4

*LLC*, No. 04-80611-CIV, 2005 WL 5955027, at *2 (S.D. Fla. Sept. 7, 2005) (allowing marriage and family psychotherapist to render opinion about psychological problems developed as a result of workplace harassment despite lack of experience in clinical or forensic psychology); *Smith v. Ortho Pharm. Corp.*, 770 F. Supp. 1561, 1567–68 (N.D. Ga. 1991) ("[T]he heavy weight of authority holds that a physician need not be a specialist in the area of his testimony in order to be considered an expert under Rule 702.").

Dr. Coe received his medical degree from the University of Chicago Medical School in 1970. (Deposition of Dr. Jeffrey Coe, attached as Exhibit A, at 5–6.) He then obtained his Ph.D in occupational medicine from the University of London in 1985. (*Id.*) He became a Board certified specialist in occupational medicine in 1991 and has practiced occupational medicine for approximately thirty years. (*Id.*) As a specialist in occupational medicine, Dr. Coe has experience in diagnosing a variety of different injuries and illnesses, and has experience with issues relating to the assessment of disabilities following injuries or illnesses. (*Id.*) His diagnosis of PTSD as a result of the injuries Mrs. Ruff sustained in the plane crash is within the area of his general expertise as a physician who diagnoses a variety of different conditions resulting from injuries. Dr. Coe's lack of specialized knowledge or experience in diagnosing PTSD or other mental illnesses in particular is not a ground for the wholesale exclusion of his opinion on that matter. *See Trafton v. Sunbury Primary Care, P.A.*, 689 F. Supp. 2d 198, 203 (D. Me. 2010) (allowing family practitioners to render opinions about PTSD diagnosis and concluding that

5

"[t]o exclude [the physicians'] testimonies on the sole basis that their medical specialty was something other than psychiatry would be an abuse of discretion."); *see also Gaydar*, 345 F.3d at 25 (allowing general practitioner to testify regarding ectopic pregnancy despite having performed only two pelvic exams since his internship and having never palpated an ectopic pregnancy was not in error).

In short, "[t]he qualification standard for expert testimony is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility. *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (quotations omitted). As a physician with thirty years of experience in diagnosing a wide range of conditions resulting from injuries, Dr. Coe is qualified to render an opinion about his medical diagnosis of PTSD. Exclusion on this ground is improper.

**II. Dr. Coe's PTSD Diagnosis is Reliable.**

American Airlines also argues that Dr. Coe's opinion on PTSD should be excluded because it is unreliable. In particular, American Airlines contends that Dr. Coe's opinion is unreliable because he did not independently verify the symptoms Mrs. Ruff self-reported and he did not follow the criteria set forth in the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION ("DSM-IV") when making his diagnosis.

### A. Reliance on a Patient's Medical History is Appropriate and Does not Render an Expert Opinion Inadmissible.

Before formulating any diagnosis of Mrs. Ruff, Dr. Coe obtained information from her regarding the plane crash, medical treatment she received since the plane crash, past medical history prior to the crash, work history prior to and after the crash, and her symptoms at the time of his evaluation. (Coe Dep. 8–22; Expert Report of Dr. Jeffrey Coe, attached as Exhibit B.) After taking these steps, Dr. Coe reached a number of conclusions about the type of injuries she suffered, her medical condition, and the kind of medical treatment she continued to need. (Coe Dep. 22–25.) In particular, Dr. Coe noted that Mrs. Ruff reported depression-related symptoms, anxiety, insomnia, flashbacks to the crash, intrusive thoughts, difficulty with customer interactions, and difficulty performing duties at work. (*Id.* at 12–14, 23–24.)

A diagnosis made based on a patient's reported medical history, as Dr. Coe did, is entirely appropriate and admissible. "Medical professionals reasonably may be expected to rely on self-reported patient histories. Such histories provide information upon which physicians may, and at times must, rely in their diagnostic work." *Redmond v. City of E. Point, Ga.*, No. 1:00-CV-2492-WEJ, 2004 WL 6060552, at *7 (N.D. Ga. Mar. 29, 2004) (quoting *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 586 (7th Cir. 2000)); *see also Trafton*, 689 F. Supp. 2d at 204 ("Diagnoses based on personal observations and medical training is certainly admissible.").

There is no absolute requirement, as American Airlines seems to suggest, that a medical professional providing expert testimony independently verify a

patient's self-reported symptoms. *See Trafton*, 689 F. Supp. 2d at 204 ("The fact that [physicians'] opinions were rendered from conversations with [plaintiff] and her prior records, instead of an 'accepted test' goes to weight, not admissibility of their testimony."). In support of this argument, American Airlines cites to a two-page order, *Kador v. City of New Roads*, No. 3:07-682, 2011 WL 4889102 (M.D. La. Oct. 13, 2011), in which the court excluded the expert's testimony on the ground that it was "fundamentally unsupported" and therefore not helpful to the jury. The *Kador* opinion, however, does not describe what sources that the expert reviewed when reaching his diagnosis. At most, it states that the *defendants argued* that the expert "did no other tests and did not seek any independent verification of plaintiff's self reported symptoms." *Id.* at *2. The only indication the *Kador* court gives about its reasoning is its citation to *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 423–24 (5th Cir. 1987). In *Viterbo*, the Fifth Circuit held that the district court properly excluded a physician's expert opinion about the cause of the plaintiff's medical condition because, in part, he relied on the plaintiff's incomplete self-reported history to make his diagnosis. In particular, the expert failed to take into account the plaintiff's family history, but admitted that hereditary traits could be an alternate cause of the plaintiff's condition. While the court acknowledged that "a patient's oral history is generally considered reliable," in that case the expert's reliance on incomplete information critical to his diagnosis rendered his subsequent opinion unreliable. *Id*.

In contrast, American Airlines does not contend that Dr. Coe failed to take Mrs. Ruff's complete medical and work history or conduct a proper physical examination. Moreover, in addition to considering her history, Dr. Coe reviewed some of Mrs. Ruff's treatment medical records, including reports from treating physicians and reports of diagnostic tests. (Coe Rep. 1.) Dr. Coe obtained sufficient information from these sources, in addition to his own examination, to formulate his PTSD diagnosis.

However, even if Dr. Coe had relied only upon Mrs. Ruff's self-reported history, the proper way to attack any deficiencies in his diagnosis would be through cross-examination, not exclusion: if "a medical expert has relied upon a patient's self-reported history and that history is found to be inaccurate, district courts usually should allow those inaccuracies in that history to be explored through cross-examination." *Redmond*, 2004 WL 6060552, at *7 (quoting *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 586 (7th Cir. 2000)).

**B. Strict Application of DSM-IV Criteria is not Required.**

American Airlines also contends that Dr. Coe's opinion is unreliable because it believes he did not apply the DSM-IV criteria to Mrs. Ruff's symptoms. American Airlines' belief in this regard is based on the fact that Dr. Coe did not specifically mention the DSM-IV in his report or in his deposition. (American Airlines did not question Dr. Coe about the DSM-IV at his deposition.) Counsel for American Airlines then attempts to "plug in" Mrs. Ruff's stated symptoms to the DSM-IV criteria and concludes that Dr. Coe's opinion conflicts with DSM-IV's criteria for a

9

diagnosis for PTSD. The validity or soundness of an attorney's mechanical application of a medical diagnostic tool, however, is questionable at best.

An expert witness's strict application of the DSM-IV criteria is not necessary for his opinions to be admissible. There is simply no requirement that a physician "give controlling, decisive weight to objective test instruments in forming clinical diagnoses and recommendations, and that the failure to do so strips a [physician's] opinions of reliability to the point that his testimony flunks a *Daubert* analysis." *Foreman v. Am. Rd. Lines, Inc.*, 623 F. Supp. 2d 1327, 1334 (S.D. Ala. 2008); *see also Mancuso v. Consol. Edison Co. of New York, Inc.*, 967 F. Supp. 1437, 1456 (S.D.N.Y. 1997) (allowing psychologist expert witness to testify about learning disorder despite failure to follow the DSM–IV methodology for diagnosing that condition). In fact, "a variance from the DSM's diagnostic criteria will not automatically result in an unreliable diagnosis." *S.M. v. J.K.*, 262 F.3d 914, 921 (9th Cir. 2001) (noting that "mental health professionals involved in everyday practice may disagree more than half the time even on major diagnostic categories such as schizophrenia and organic brain syndrome"), *amended,* 315 F.3d 1058 (9th Cir. 2003).

In any case, Dr. Coe's opinion is consistent with the application of the DSM-IV criteria. According to American Airlines, a proper diagnosis of PTSD under the DSM-IV requires: (1) a stressor; (2) an intrusive recollection; (3) three avoidant/numbing symptoms; (4) two hyper-arousal symptoms; (5) duration of over one month; and (6) significant distress or impairment in social, occupational, or other important areas of functioning.

Dr. Coe began his evaluation of Mrs. Ruff by obtaining information about the plane crash, which is indisputably a major stressor. Dr. Coe identified at least one intrusive recollection: Mrs. Ruff was having "flashbacks of the accident of the plane and getting out of the plane." (Coe Dep. 12–13.) Dr. Coe also identified at least three instances of avoidance or numbing: Mrs. Ruff was suffering from "anxiety and depression-related symptoms," she was "particularly anxious about traveling anywhere," and she was "having difficulty in customer interactions." (*Id.* at 11, 13, 15.) Dr. Coe also noted two hyper-arousals: Mrs. Ruff had "difficulty sleeping" because of her "significant anxiety" and she was having difficulty performing her work functions, such as bookkeeping, as a result of her "psychological-type complaints." (*Id.* at 12–14.) These symptoms were ongoing since the accident, which occurred approximately six months prior to Dr. Coe's evaluation of her. These symptoms caused Mrs. Ruff significant distress or impairment, primarily in her occupational functioning. As Dr. Coe noted, as a result of her psychological condition, among other things, Mrs. Ruff was:

> having difficulty at her store. She was having difficulty in customer interactions. She was having difficulty in bookkeeping. She was having difficulty in keeping the hours that she had previously worked. She said that she could no longer do the store by herself. She said that she had hired an assistant for about 16 hours a week to help her out at the store.

(*Id.* at 14–15.)

## Conclusion

As a physician with thirty years of experience in diagnosing a wide range of conditions resulting from injury, Dr. Coe is qualified to render an opinion about his medical diagnosis of PTSD.  Dr. Coe's opinion is also reliable.  Contrary to American Airlines' contention, the mechanical and strict application of the DSM-IV criteria is not required for admissibility.  In any case, Dr. Coe's diagnosis is consistent with the DSM-IV criteria, and any variance therewith is more appropriately challenged through cross-examination.  The exclusion of Dr. Coe's opinion on PTSD is unwarranted and denial of American Airlines' Motion is therefore appropriate.

Respectfully submitted,

COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Tel: (305) 476-7400


By: ___s/ Curtis B. Miner_____
    Curtis B. Miner
    (Florida Bar No. 885681)
    E-mail: curt@colson.com
    Stephanie A. Casey
    (Florida Bar No. 097483)
    E-mail: scasey@colson.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF FILING BY CM/ECF AND SERVICE**

I HEREBY CERTIFY that on April 22, 2013, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send transmissions of Notices of Electronic Filing on the following counsel of record for Defendant:

Gregory M. Palmer, Esq.
Marty Fulgueira Elfenbein, Esq.
Abigail Roberts, Esq.
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street
Miami, Florida 33130

*Attorney for Defendant American Airlines, Inc.*

                                                                 s/ Curtis B. Miner
                                                                Curtis B. Miner