UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20131-CV-LENARD/O'SULLIVAN

IN RE: AMERICAN AIRLINES FLIGHT 331.

     Defendant.

_____/

THIS DOCUMENT RELATES TO:

*Monica Ruff  v. American Airlines*

**DEFENDANT, AMERICAN AIRLINES, INC.'S REPLY TO PLAINTIFF'S
RESPONSE IN OPPOSITION TO DEFENDANT'S *DAUBERT* MOTION
TO EXCLUDE PTSD DIAGNOSIS AND OPINIONS OF DR. JEFFREY COE**

Defendant, American Airlines, Inc. ("Defendant" or "American Airlines"), hereby files

its Reply to Plaintiff's Response in Opposition to Defendant's *Daubert* Motion to Exclude PTSD

Diagnosis and Opinions of Dr. Jeffrey Coe ("Response") [D.E. 768], and in support states:

## I.       INTRODUCTION

Defendant has filed a *Daubert* motion to exclude Dr. Jeffrey Coe's PTSD diagnosis of

Plaintiff on the basis he is not qualified to render this medical diagnosis and his opinions are

unreliable. [D.E. 657] Specifically, (1) Dr. Coe is simply an occupational medicine doctor with

no training, experience or education in psychiatry, psychology, or the diagnosis of PTSD; (2) Dr.

Coe simply took Plaintiff's unverified self-reported symptoms and did not rely on any proven

methodologies or administer any psychological testing in forming his diagnosis of PTSD; and (3)

there is no evidence Dr. Coe was familiar with or followed the DSM-IV criteria in diagnosing

Plaintiff with PTSD.

In her Response, Plaintiff argues (1) Dr. Coe is qualified to render a PTSD diagnosis based on his thirty years of training as an occupational doctor, (2) Dr. Coe's opinions are reliable since they are based on Plaintiff's self-reported symptoms, and (3) strict application of DSM-IV criteria is not required.  These arguments are baseless and not supported by any law or facts. Plaintiff's Response provides no evidence showing Dr. Coe is qualified to diagnose Plaintiff with PTSD or that his opinions are reliable.  Interestingly, Plaintiff admits Dr. Coe lacks specialized knowledge or experience in diagnosing PTSD or other mental illnesses.  As a result, Dr. Coe should be precluded from providing any opinions at trial in which he discusses PTSD, his diagnosis of PTSD, and any causal connection between this diagnosis and the Flight 331 incident.

## II.    *DAUBERT* STANDARD

Expert testimony is admissible if the expert is qualified; the methodology through which he reaches his conclusions is sufficiently reliable; and the testimony assists the trier of fact.  *City of Tuscaloosa v. Harcos Chemicals, Inc.,* 158 F.3d 548, 562 (11th Cir. 1998).  The party offering the expert bears the burden of laying the proper foundation for admission of the expert's testimony. *Hall v. United Insurance Co. of America,* 367 F.3d 1255, 1261 (11th Cir. 2004). In order for his testimony to be admissible, Plaintiff must demonstrate Dr. Coe is qualified to render his opinions based on reliable information and generally accepted principles. Plaintiff agrees with this standard.[D.E. 768 at P. 2-3]  Thus, Plaintiff agrees she must prove Dr. Coe is qualified, his opinions are reliable and he knew of facts which enabled him to express a reasonably accurate conclusion for his testimony to be admissible.  However, she is unable to do so.

### III..    PLAINTIFF FAILS TO PROVE DR. COE IS QUALIFIED

Plaintiff admits in her Response Dr. Coe lacks "specialized knowledge or experience in diagnosing PTSD or other mental illnesses". [D.E. 768 at P. 5]  However, Plaintiff argues Dr. Coe is still qualified to diagnose PTSD based on his thirty years of experience as a specialist in occupational medicine.  *Id.*   Specifically, she argues Dr. Coe has "experience in diagnosing a variety of different injuries and illnesses, and has experience with issues relating to the assessment of disabilities following injuries or illnesses". *Id.* However, there is no mention of mental illnesses. In support of her argument, Plaintiff cites to cases purportedly standing for the proposition that a witness who has general knowledge of a subject may qualify as an expert despite lacking specialized training, education, or experience in that subject, so long as his or her testimony would likely assist the trier of fact.  However, the cases cited by Plaintiff are easily distinguishable and not analogous to this situation, there is no evidence Dr. Coe has any general knowledge of psychology or psychiatry or the diagnosis of PTSD, and Plaintiff has failed to show Dr. Coe's testimony would assist a jury.

As a physician practicing occupational medicine for his entire professional life,  Dr. Coe worked in a specialty that dealt with the health of people at work, workplace injuries, their rehabilitation, work restrictions, and vocational counseling or retraining (See P. 6:10-22 of Exhibit A to D.E. 657).  Plaintiff has provided no evidence, even in her Response, Dr. Coe has any education in the area of psychiatry, psychology, or the criteria for the diagnosis of PTSD or even any training or experience in these areas.  Furthermore, Plaintiff has provided no evidence to suggest Dr. Coe even took a single psychiatry or psychology class while in medical school. Instead, she attempts to argue he is qualified to render opinions on PTSD simply because he holds a medical degree.  This is insufficient.

In *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 "is premised on an assumption that the expert's opinions will have a reliable basis in the knowledge and expertise ***of his discipline***."  509 U.S. 579, 592 (1993)(emphasis added). The only evidence of Dr. Coe's qualifications is that he is a medical doctor who specializes in occupational medicine, a far cry from psychiatry or psychology or even mental health therapy. Cases cited by Plaintiff are not instructive.  For example, she cites *United States v. Hensel*, 711 F.2d 1000 (11th Cir. 1983), in which a witness with expertise in investigating fires was allowed to testify as an expert in a case involving a shipboard fire even though the majority of his experience concerned fires on land.  Comparing fire to fire is hardly analogous to comparing mental health issues with occupational health issues.  Plaintiff also cites two cases in which medical doctors were allowed to testify as experts in medical fields which were not their primary fields of expertise.  *See Gaydar v. Sociedad Instituto Gineco-Quirurgico y Planificacion*, 345 F.3d 15 (1st Cir. 2003) and *Holbrook v. Lykes Bros. S.S. Co.,* 80 F.3d 777 (3d Cir. 1996).  In *Holbrook,* a specialist in internal medicine was allowed to testify regarding a pathology report because there was evidence he routinely relied on pathology reports to assist him in treating his patients.  *Holbrook,* 80 F.3d 777 at 781.  This is scarcely comparable to the instant case.  Dr. Coe is not being asked to render an opinion on simply another medical field.  He is being proffered as an expert in an entirely different discipline, which is not appropriate.

As stated in Defendant's Motion, medical doctors will be deemed unqualified to make a psychiatric diagnosis, such as PTSD, despite their medical training when the doctors do not have specialized training or education in the area of mental health disorders or psychiatry.  *See Schaeffer v. US Airways Group, LLC*, 2012 WL 2920375 (E.D. Penn. July 18, 2012)(excluding the testimony of a medical doctor on the subject of PTSD when he was not an expert in

psychiatry, psychology, psychotherapy, the area of PTSD or its diagnostic criteria, and only took a course in psychiatry while in medical school and finding that a medical doctor who was "not an expert by skill or training in the area of diagnosis or causation of PTSD, and occasionally treat[ed] patients who have the disorder does not qualify them as an expert.").

Similarly, a medical doctor with limited education or training on psychiatric and psychological matters is not qualified to opine on the issue of PTSD. *See Ferris v. Penn. Fed. Brotherhood Maintenance of Way Employees*, 153  F. Supp. 2d 736, 745 (E.D. Penn. 2001).  In *Ferris*, the expert was a medical doctor who had specialized in the areas of pathology as well as pain management; however, he had limited training in depression and anxiety as he only took one course in this area in medical school.  *Id.* at 743-44.  Analyzing the admissibility of his opinions, the court stated: "Although an expert's testimony is not limited to the area in which he or she has specialized, the party offering the expert must demonstrate that the expert has the necessary expertise to provide reliable evidence."  *Id.*  When the proposed testimony falls outside of the witness's expertise, the court must exclude it.  *Id.*   Finding the medical doctor had no expertise in the diagnosis and treatment of depression or anxiety disorders or the causes of these ailments, he was precluded from providing any opinions with respect to the causal relationship between the plaintiff's symptoms and diagnosis and the subject incident.  *Id.* at 744.

Providing testimony on psychological issues requires specialized training and qualifications.  Much like the *Schaeffer* and *Ferri*s cases in which the medical doctors were not qualified to testify about their PTSD diagnosis or its causal connection to the subject incident,

Dr. Coe should likewise be precluded from providing any opinions at trial about his PTSD diagnosis as he is not qualified as an expert in this area.[1]

The case law is clear Dr. Coe does not have the requisite education, training or experience to qualify as an expert capable of providing opinions on PTSD, let along diagnose Plaintiff with PTSD.  However, even if the Court accepts Plaintiff's argument Dr. Coe is somehow qualified because of his profession, there must be evidence his testimony would assist the trier of fact.  There is none and Plaintiff has failed to demonstrate how Dr. Coe's testimony would meet this criteria.  Based on the foregoing, Dr. Coe should be precluded from providing any opinions at trial about his PTSD diagnosis as he is not qualified as an expert in this area.

### IV.    PLAINTIFF FAILS TO PROVE DR. COE'S OPINIONS ARE RELIABLE

#### A.    Dr. Coe's  Experience Does Not Equate to Reliability

To the extent Plaintiff points to Dr. Coe's experience as a basis for the reliability of his opinions in this case and to the extent the Court finds Dr. Coe is qualified, experience is insufficient to prove reliability of an expert and a mere recitation of Dr. Coe's "qualifications" does nothing to bolster his deficiencies regarding reliability.  As Courts in this jurisdiction have noted, "[t]he observation that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliably any conceivable opinion the expert may express." *U.S. v. Masferrer,* 367 F.Supp.2d 1365, 1371, (S.D.Fla. 2005) citing *United States v Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).  The Court in *Masferrer* noted that, while an expert's qualifications may bear on reliability of his proffered testimony, "[t]hey are by no means a guarantor of reliability. [O]ur caselaw plainly establishes that one may be

---

[1] Defendant also cited a litany of cases in its Motion for the proposition that even when the proposed experts specialize in counseling and treating patients with psychological conditions, these experts, such as licensed clinical social workers or licensed therapists, will also be unqualified to render a PTSD diagnosis given their lack of specialized psychological or psychiatric training and education. D.E. 657 at P.4-5.

considered an expert but still offer unreliable testimony." *Masferrer,* 367 F.Supp.2d at 1372, citing *Quite Tech, DC-8, Inc. v. Hurel-Dubois UK Ltd.,* 326 F.3d 1333, 1341-42 (11th Cir. 2003). The Court noted that, "[q]uite simply, under Rule 702, the reliability criterion remains a discrete, independent and important requirement for admissibility." *Frazier,* 387 F.3d at 1261. While Defendant disputes Dr. Coe's qualifications, as stated above, it is also his lack of reliance on proven methodologies, psychological testing, and publications, that make his opinions unreliable and speculative and thus, inadmissible.

B.      **Dr. Coe's Opinions Are Not Based on any Principles or Methodologies**

Dr. Coe's opinions are not reliable as they are not based on any reliable PTSD principles or accepted methodologies.    *"Daubert* demands an assessment of whether the expert's methodology has been tested, and an inquiry into whether the technique has been subjected to peer review and publication." *In re Air Crash at Little Rock*, 291 F.3d 503, 514 (8th Cir. 2002). Plaintiff is required to demonstrate that the methodology Dr. Coe used to reach his opinions regarding Plaintiff's PTSD is sufficiently reliable.  *King v. Cessna Aircraft Co.,* 2010 WL 1980861, *1 (S.D. Fla May 18, 2010).  Plaintiff bears the burden of laying the proper foundation for the admission of Dr. Coe's testimony.  *Hall v. United Insurance Co. of America,* 367 F.3d 1255, 1261 (11th Cir. 2004).  Plaintiff failed to meet her burden.  Dr. Coe has provided **no** methodology at all for the basis of his opinions and Plaintiff fails to provide **any** evidence Dr. Coe's opinions are based on any reliable methodologies or scientific principles.

Interestingly, Plaintiff does not dispute or attempt to justify Dr. Coe's lack of testing on Plaintiff.  Instead, Plaintiff's sole argument in her Response that Dr. Coe's opinions are reliable is that review of her medical history (as self-reported by Plaintiff) and a physical examination is enough to provide a reliable diagnosis of PTSD.   She cites to *Trafton v. Sunbury Primary Care,*

*P.A.,* 689 F. Supp. 2d, 198 (D. Me. 2010) for the proposition that diagnosis based on personal observations and medical training is admissible.  However, Plaintiff fails to inform the Court that in *Trafton,* two medical providers were allowed to testify on Plaintiff's mental condition based on their personal interactions and observations with Plaintiff because they had spent considerable time treating Plaintiff, had reviewed her prior medical records and had an understanding of her past history.  *Id.* at 204.  In this case, Dr. Coe only saw Plaintiff on one occasion, hardly a considerable time, and only took a self-reported history of Plaintiff.  He did not review any of her medical records or do anything to verify any symptoms of a psychological nature, such as speaking with her physicians or administering any psychological tests.  When offering opinions on a PTSD diagnosis, the expert cannot simply rely on the self-reports of the patient without performing any psychological tests to determine the accuracy of the diagnosis or otherwise independently verify the self-reported symptoms.  *See Kador v. City of New Roads*, 2011 WL 4889102 (M.D. La. Oct. 13, 2011). Lack of a proven methodology warrants Dr. Coe's exclusion.

C.     **Dr. Coe's Opinions Are Not Based on DSM-IV Criteria**

Finally, Plaintiff argues strict application of DSM-IV criteria is not required for Dr. Coe's opinions on PTSD to be reliable.  Despite this, Plaintiff's counsel improperly attempts to fit Dr. Coe's testimony within the accepted DSM-IV criteria.  Plaintiff also cites cases in which experts were allowed to testify without following DSM-IV methodology.  However, all of the cases cited by Plaintiff involved psychologists or mental health professionals who had experience and training making them capable of providing opinions without full adherence to the DSM-IV criteria.  As explained above, that is not the case here.  Dr. Coe's lack of education, training and experience in psychiatry and psychology mandates he follow the DSM-IV criteria.

District courts have excluded experts who diagnosed PTSD when the expert was not familiar with the DSM-IV criteria. *Nemeth v. Citizens Financial Group*, 2012 WL 3278968 (E.D. Mich. Aug. 10, 2012). Similarly, when an expert's opinion conflicts with the DSM-IV criteria for a diagnosis of PTSD, that expert's opinions are not reliable. *Woods v. Olin Corp.*, 2002 WL 34371098, *2 (S.D. Ill. July 9, 2002). In this case, Dr. Coe has no reliable methodology for diagnosing Plaintiff with PTSD and there is no evidence to suggest Dr. Coe was familiar with or following the DSM-IV criteria for his diagnosis of PTSD.

Dr. Coe's failure to apply or even mention the DSM-IV criteria as a basis for his opinion renders his PTSD diagnosis and subsequent opinions unreliable and inadmissible.

## V.    CONCLUSION

Dr. Coe's lack of qualifications, use of proven methodologies, and application of DSM-IV criteria render his opinions as to Plaintiff's PTSD in this case unreliable and inadmissible under *Daubert.*

WHEREFORE Defendant, American Airlines, Inc., hereby seeks to exclude any opinions from Dr. Jeffrey Coe in which he discusses PTSD, his diagnosis of PTSD, or provides any causation opinions relating Plaintiff's PTSD to the Flight 331 incident and any other relief this Court deems proper.

Respectfully submitted,

/s/ Gregory M. Palmer
GREGORY M. PALMER
Florida Bar No. 784796
gpalmer@rumberger.com
MARTY FULGUEIRA ELFENBEIN
Florida Bar No. 0020891
melfenbein@rumberer.com
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

Attorney for American Airlines, Inc.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 2nd day of May, 2013, we filed this document via CM/ECF, which will send Notices of Electronic Filing to: Counsel for Plaintiffs, **Steven C. Marks, Esq.**, and **Ricardo Martinez Cid, Esq.,** Podhurst Orseck, P.A., 25 West Flagler Street, Suite 800, Miami, Florida  33130; **Stuart Z. Grossman, Esq.** and **Seth Miles, Esq.,** Grossman Roth, P.A., 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL  33134; **David R. Heffernan, Esq.,** Hamilton, Miller & Birthisel, LLP, 150 S.E. Second Avenue, Suite 1200, Miami, Florida  33131; **Curtis Miner, Esq.,** Colson Hicks Eidson, 255 Alhambra Circle, Coral Gables, FL  33134; **Jeffrey P. Allen, Esq.,** Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Boston, MA  02210; **Richard E. Tullie, Esq.,** Richard E. Tullie, P.A., Boca Palm Professional Plaza, 6971 N. Federal Highway – Suite 401, Boca Raton, Florida  33487; **Karlyn R. Hylton, Esq.,** 120 East Colonial Drive, Orlando, Florida  32801; **Judson H. Lipowitz, Esq., John R. Solter Jr., Esq.,** Azrael, Franz, Schwab & Lipowitz, LLC, 101 E. Chesapeake Ave. Fifth Floor,

Baltimore, MD 21286;  and **Joseph B. Chazen, Esq.,** Meyers, Robell & Rosenbaum, P.A., 6801

Kenilworth Avenue, Suite 400, Riverdale, Maryland 20737.

*/s/ Gregory M. Palmer*

GREGORY M. PALMER
Florida Bar No. 784796
gpalmer@rumberger.com
MARTY FULGUEIRA ELFENBEIN
Florida Bar No. 0020891
melfenbein@rumberer.com
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

Attorney for American Airlines, Inc.

5773179.1