UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20131-CV-LENARD/O'SULLIVAN

IN RE: AMERICAN AIRLINES FLIGHT 331.

    Defendant.
_____/

THIS DOCUMENT RELATES TO:

*Devon Morris v. American Airlines*

### DEFENDANT AMERICAN AIRLINES, INC.'S MOTION IN LIMINE EXCLUDING LUMP SUM OR *PER DIEM* AWARD ARGUMENTS

Defendant AMERICAN AIRLINES, INC. ("American Airlines"), pursuant to this Court's Order, hereby files its Motion in *Limine* seeking to exclude from arguments to the jury pertaining to lump sum awards or *per diem* awards.

1. **PLAINTIFF SHOULD BE PRECLUDED FROM MAKING ANY LUMP SUM OR PER DIEM ARGUMENTS BEFORE THE JURY**

In this case, Plaintiff claims both economic and non-economic damages are present. While evidence will be presented throughout the trial to establish the basis for economic damages, there will be no such evidence establishing dollar figures for non-economic damages. Defendant anticipates that Plaintiff's counsel will attempt to use either lump sum or *per diem* arguments during opening statements and closing arguments to establish the amount of non-economic damages the Plaintiff is seeking from the jury. No objective test can assess the severity of Plaintiff's alleged non-economic losses, nor is there a satisfactory measure to translate this type of harm into dollars. Without a factual basis for doing so, Plaintiff's counsel

may ask for a sum certain or may request a monetary value for a certain unit of time and then calculate this for the jury. Once such an argument has been made to the jury, American Airlines has no effective way to "un-ring the bell" sounded by Plaintiff's counsel. Thus, American Airlines requests that the Court enter an Order prohibiting Plaintiff's counsel from using a lump sum or *per diem* argument to request a dollar amount for non-economic damages as such arguments are not relevant evidence.

"Relevant evidence" is any evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. However, the very nature of the non-economic damages sought by Plaintiff in this case—pain, and suffering—does not consist of relevant evidence to quantify the monetary loss. Thus, any reference to a specific monetary sum is an argument unsupported by the evidence. *Janich Bros., Inc. v. Am. Distilling Co.,* 570 F.2d 848, 860 (9th Cir. 1977). An argument suggesting a lump sum for non-economic damages is nothing more than the manipulation of the jury through the use of the psychological device of anchoring. This manipulation is an inappropriate interference with a jury's decision-making process and should be prevented by the Court.

This type of argument is wholly different from an attorney's argument to a jury why a defendant should be found negligent or what the impact of pain and suffering was on a plaintiff. A request to find liability is based on evidence presented to the jury, but a request to award a specific lump sum in compensation for non-economic damages has no basis in evidence. An explanation of how a plaintiff has been affected by an accident is based on evidence, but the monetary value necessary to adequately compensate for the pain and suffering is ungrounded in any evidence. Further, this action does not present a situation where Plaintiff's counsel might

refer to a matter of common knowledge or make an illustration drawn from common experience. *See, e.g., Tenorio* v. *United States,* 390 F.2d 96, 99 (9th Cir. 1968) (noting that counsel may properly refer to matter not in evidence during a closing argument if the matter is of common knowledge or is an illustration drawn from common experience, history or literature.) *This* factual scenario is <u>not</u> a matter of common experience, and therefore any such reference by Plaintiff's counsel is improper.

The mention of a specific dollar amount for non-economic damages is a masked attempt to place a value on damages which by definition cannot be so evaluated. *Waldorf v. Shuta,* 896 F.2d 723, 744 (3d Cir. 1990); *Consorti v. Armstrong World Indus., Inc.,* 72 F. 3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds,* 518 U.S. 1031(1996). Furthermore, any reference to a dollar amount or range could have the improper effect of irrationally inflating the damages award. Rather than rely upon its own estimates and reasoning, a jury likely will give undue weight to the figures advanced by Plaintiff's counsel. *Mileski v. Long Island R.R. Co.,* 499 F.2d 1169, 1172 (2d Cir. 1974).

*Per diem* arguments, like lump sum arguments, cause the same mischief—they lend a false air of certainty to an area where none exists given that pain and suffering and other non-economic damages, by their very nature, are subjective experiences not capable of accurate quantification. *Per diem* arguments are little more than the concoction of a random dollar number plaintiffs' attorneys want the jury to award as compensation for a unit of time of loss, pain or suffering. There is no evidence that supports this argument.

Simple multiplication may produce an astronomical product if a *per diem* approach to pain and suffering is allowed. *DeWeese v. United States,* 419 F. Supp. 170, 176-77 (D. Col. 1976). *Per diem* arguments falsely assume that pain is continual and uniform when in fact it can

be intermittent. Nothing in the *per diem* calculation allows for the gradual decrease or increase of such pain. Furthermore, because alleged emotional distress is being estimated into the future, there is no allowance for a discount for the present use of the total award.

Furthermore, American Airlines is prejudiced by being placed in a position of attempting to rebut an argument, such as a lump sum or *per diem* argument, that has no basis in evidence. The result is a Hobson's Choice: (1) if he does not answer in kind, he suffers its effect on the jury; or (2) if he does answer in kind, he thereby implies approval of the notion of a lump sum or *per diem*. *Affeti v. Milwaukee & Suburbai Transport Corp,* 106 N.W.2d 274, 278 (Wis. 1960); *Caley v. Manicke,* 182 N.E.2d 206, 208-09 (Ill. 1962); *Ratner v. Arringion,* 111 So. 2d 82, 88 (Fla. 3d DCA 1959).

Even if this Court determines that the use of lump sum and *per diem* arguments does not violate the rule that argument should be based on evidence admitted during trial or on reasonable inferences from that evidence, such arguments should be precluded as unduly prejudicial. The Court has the inherent ability to control closing arguments. Courts have held against the practice of requesting a specific dollar amount for non-economic damages because it risks unfairly swaying the jury by "anchoring the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence." *Consorti,* 72 F.3d at 1016; *Mileski,,* 499 F.2d at 1172 ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by Plaintiff's counsel."); *Thomas v. Medco,* No. 95 Civ. 8401, 1998 WL 542321, at *12 (S.D.N.Y. 1998). Moreover, Plaintiff's counsel's argument for a specific monetary sum for non-economic damages during closing argument is an inappropriate appeal to the jurors' passions and prejudices. *See, e.g., Soloria v. Atchison, T. & S.F. Ry. Co.,* 224 F.2d 544, 547 (10th Cir. 1955) (improper for counsel to use arguments that

appeal primarily to the jurors' passion or prejudice); *Koltz v. Sears, Roebuck & Co.*, 267 F.2d 53, 55 (7th Cir. 1959) (improper for counsel to make remarks intended to play on the jurors' sympathy); *Westbrook v. Gen, Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985).

The suggestion of a lump sum amount or *a per diem* calculation does not assist the jury in its deliberations. Such arguments manipulate the jury. For this reason, this Court should preclude both lump sum and *per diem* arguments on non-economic damages on grounds that such arguments are irrelevant and would result in confusion of the issues, mislead the jury, and would be unduly prejudicial.

## CERTIFICATE OF CONFERENCE

Counsel for American Airlines hereby certifies that it conferred with counsel for Plaintiff on July 14, 2013 about the relief sought in this Motion in a good faith effort to resolve the issues contained in this Motion. Plaintiff was unable to agree with the relief requested.

Respectfully submitted,

/s Gregory M. Palmer
GREGORY M. PALMER
Florida Bar No. 784796
gpalmer@rumberger.com
MARTY FULGUEIRA ELFENBEIN
Florida Bar No. 0020891
melfenbein@rumberger.com
KATHERINE ABIGAIL ROBERTS
Florida Bar No. 0044758
aroberts@rumberger.com
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

Attorneys for AMERICAN AIRLINES

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 15th day of July, 2013, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send transmissions of Notices of Electronic Filing on Counsel for Plaintiffs, **Steven C. Marks, Esq.**, and **Ricardo Martinez Cid, Esq.**, Podhurst Orseck, P.A., 25 West Flagler Street, Suite 800, Miami, Florida 33130; **Stuart Z. Grossman, Esq.** and **Seth Miles, Esq.**, Grossman Roth, P.A., 2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, FL  33134; **David R. Heffernan, Esq.**, Hamilton, Miller & Birthisel, LLP, 150 S.E. Second Avenue, Suite 1200, Miami, Florida  33131; **Curtis Miner, Esq.**, Colson Hicks Eidson, 255 Alhambra Circle, Coral Gables, FL  33134; **Jeffrey P. Allen, Esq.**, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Boston, MA  02210; **Richard E. Tullie, Esq.**, Richard E. Tullie, P.A., Boca Palm Professional Plaza, 6971 N. Federal Highway – Suite 401, Boca Raton, Florida  33487; **Karlyn R. Hylton, Esq.,** 120 East Colonial Drive, Orlando, Florida  32801; **Judson H. Lipowitz, Esq., John R. Solter Jr., Esq.,** Azrael, Franz, Schwab & Lipowitz, LLC, 101 E. Chesapeake Ave. Fifth Floor, Baltimore, MD 21286; and **Joseph B. Chazen, Esq.,** Meyers, Robell & Rosenbaum, P.A., 6801 Kenilworth Avenue, Suite 400, Riverdale, Maryland 20737.

/s Gregory M. Palmer
GREGORY M. PALMER
Florida Bar No. 784796
gpalmer@rumberger.com
MARTY FULGUEIRA ELFENBEIN
Florida Bar No. 0020891
melfenbein@rumberger.com
KATHERINE ABIGAIL ROBERTS
Florida Bar No. 0044758
aroberts@rumberger.com
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

Attorneys for AMERICAN AIRLINES, INC.

1016871

5672567.1